Judge Buckner,
delivered the opinion of the court.
This was an action on the case, by the plaintiff against the defendant in error, as sheriff of Scott county, to recover damages for having negligently failed to levy, and for having falsely returned nulla bona, on an execution oí fieri facias, in the name of the plaintiff against the property of Thomas Henderson, directed to the sheriff of said county, and which had been' placed in the hands of the deputy of the defendant.
The trial was had upon the plea of “not guilty.” Upon the close of the testimony, on the part of the plaintiff, the court, upon the motion of the defendant, instructed the jury to find, as in case of non-suit, to which the plaintiff excepíed. The jury found accordingly. A moiion for a new trial was made and overruled, and the only question necessary to be considered, is, whether the court erred in giving the instructions and overruling said motion.
The proof introduced on the part pf the plaintiff was in substance as'follows. f
L An execution offieri facias, dated the 18th of April, 1828, in favor of Jameson Hawkins, against the property of said Henderson, directed to the sheriff of said county, had been placed in the hands of Finnell, as deputy of the defendant, which he had levied on various articles, as the property of the defendant in said execution, and in virtue thereof, sold it on the 2nd of June, 1828, and which had been purchased by one William Johnson, who paid the amount which the property had been sold for under said execution, but had left it in the care of said Henderson.
2. An execution offieri facias, dated the 25th of June, 1828, in the name of the plaintiff in error, against said Henderson’s property, was placed in the hands of the same deputy, directed as the above mentioned, *236 which he levied upon the same property, which he had} sold, as above set forth, under Matt kin’s execulion, but . returned on said execution, ‘foot sold for want of bidders.”
Where fi. fa. Kas been levied on property sufficient to pay .the debt, and possession remains with the officer, a itcondfi. fa. cannot properly issue, until the property is disposed of.
On the 30th of October, 1823, another execution of fieri facias, was irsued on the carne judgment on which the aforesaid fieri facias of the 35th of June, had issued, directed to the said sheriff of Scott, on which the same deputy made the return complained of. At the time of making said return, the property sold under Hawkins’ execution still remained in the possession or care of said Henderson, who was insolvent.
If the proof conduced to show that the property in Henderson’s possession was'subjcct to execution, it was the duty of the sheriff to levy the plaintiff’s last execution upon if, and his failure to do so, and for the return made, the defendant was answerable. But we are not of opinion, that any such inference was fairly deducíale from the facte proved, and that therefore, the court did hot err in giving the instruction, and overruling the motion for -a new trial. Whether the position contended for by the defendant that the only execution, which, under the circumstances of this case, and the return made by the officer, under the fieri f idas of the 25th of June, 1828, the plaintiff was entitled to, was a ven-ditioni exponas, be correct, presents a question not entirely. devoid of doubt.
Where a fieri facias has been levied on the property of a defendant sufficient to pay the debt, the possession of which, in virtue of said levy, is with the officer, and for the production of which he is liable, no additional fieri facias on the same judgment can properly issue, ' until the property is disposed of; see the case of Withers vs. Clark, II Raymond, 1072. The reason upon which the doctrine is based', is, that it would be unjust and oppressive to permit a defendant to be barrassed with a second execution, when bis property had been • previously taken; and was still retained by the officer, under a former execution, issued on the same judgment» This is certainly the general rule. But if the property be restored to him, or he regains the possession of it, and detains it from the officer, so that a sale and delivery of it, to a purchaser under a venditioni, cannot be *237 effected, the renson’of the’rule ceases and ccssantc rations crssat ipsa lex; see Morrow vs. Hart, administrix, I Mar. 291.
If property unconditionally sold at ■ private sale, remain with vendor, the sale is per se fraudulent; where the sale is official, possession, of defendant in execution, may conduce te prove fraud.
It was not proved in this case, that Henderson bad regained the possession of the property, but it had not been taken from him. But we deem it unnecessary to decide this point in the present controversy, becausé even conceding that the sesond fieri facias in favor of the plaintiff, was improperly issued, it was an error, of which Henderson alone had a right to complain. It would not excuse the sheiiff from obeying its mandate.
This was not an action instituted against the sheriff for failing to take the property levied on, into possession and failing to sell under a v'wlitioni, but for failing to do what was alleged to be bis duty, under the last fieri fiadas, and for making a false return. The question then, was fairly presented, was it his duty to levy said fieri facias on the property, which he had previously sold under another execution? It is possible from the fact of the purchaser permitting it to remain with Henderson, that the sale was colorable and fraudulent; and that it was therefore, subject to the plaintiff's execution; but the pi oof did not warrant such a conclusion.
"Whe:e property is sold unconditionally, at private sale, and the possession remains with vendor, it is per se fraudulent, as has been repeatedly decided by this court. But this doctrine cannot be applied to the case of property, sold by an officer under execution;' see the case of Kilby vs. Haggin, decided at the fall term, 1828. Possession of property so purchased, remaining with the vendor, maybe relied upon as one'of the evidences of fraud; and we will not say, that if there be no testimony calculated to repel that inference, á jury would not be jus'iiied in con-ideiing it as satisfactory proof of it. Bui it cannot be said to be per sc fraudulent.
The proof introduced in this case by the plaintiff, (the defendant not having offered any,) showed thafthe purchase of the property had been fairly made by ffm. Johnson. Henderson, who was examined, as a witness, swore, that at the time of the return of nulla bona, by the deputy, he owned no property; that in his possession belonging to Wm. Johnson, who had purchased and paid for it, with his, Johnson's own money, and had *238 merely left it in his, witness's care. Besides, the plaintiff did not drect the deputjr to levy the executon of October, 18~8, on said property in }Jendersons possession, and by such levy, if made and he had taken it away, he might have been subjected to Wm. Johnson for dap~ages.
Lyle, for plaintiff; Chinn, for defendant.
1-Je was not bound to repeat the error, which he had committed in levying that of the 25th of June.
The judgment of the circuit court m~ust be affirmed, with costs.